UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

        Petitioner,

-against-

SARAH WILLIAMS, M.D.; JOEL IDOWO, M.D,
CABILIA WILLIAMS, M.D.; SHILPA UPADH
YAY, M.D.; LYCETTE NELSON, SOUTH BEACH
PSYCHIATRIC CENTER (OMH),

        Respondent.

----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-620 (CBA) (LB)

AMON, United States District Judge:

On January 19, 2010, petitioner Colonel Maurice Maynard Meyers ("Meyers"), *pro se*, filed the instant action seeking his release from South Beach Psychiatric Center ("SBPC"), where he was involuntarily retained pursuant to § 9.33 of the New York Mental Hygiene Law. The Court construed the action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as petitioner is challenging the fact of his confinement and the sole remedy he seeks is his immediate release. Respondent moved to dismiss the petition, arguing that because Meyers is no longer confined to SBPC pursuant to the civil order of commitment at issue in this action, the action as moot. The Court agrees and accordingly the action is dismissed.

I.    **Background**

On November 6, 2009, Meyers was admitted to Richmond University Medical Center ("RUMC") as an involuntary patient pursuant to Section 9.39 of the New York Mental Hygiene Law ("Mental Hygiene Law"), Ferlita Decl., Exs. A & G, which provides for emergency admission and treatment of persons alleged to "have a mental illness for which immediate observation, care, and treatment is appropriate and which is likely to result in serious harm to

himself or others." Mental Hygiene Law § 9.39(a). RUMC then applied for court authorization for Meyers's further retention pursuant to Section 9.33 of the Mental Hygiene Law. Ferlita Decl., Ex. A. On November 23, 2009, the Supreme Court, Richmond County, granted RUMC's application, ordering Meyers's further involuntary retention, but not beyond January 22, 2010 (the "November 23, 2009 Retention Order"). Id., Ex. B. The court further ordered Meyers to be transferred no later than January 7, 2010, to SBPC, or to another facility that the New York State Office of Mental Health deemed appropriate. Id. Thereafter, on December 2, 2009, upon a petition filed by RUMC, the Supreme Court, Richmond County issued an order authorizing the administration of psychotropic drugs to Meyers. Id., Exs. C & D. The December 2, 2009 Order was also due to expire on January 22, 2010. Id.

On January 7, 2010, pursuant to the court's November 23, 2009 Retention Order, Meyers was transferred to SBPC. Id., Ex. G. In an application dated January 22, 2010, SBPC applied for Meyers's continued involuntary retention pursuant to Section 9.33 of the Mental Hygiene Law. Id., Ex. E. Petitioner requested a hearing to be held on the issue of whether his further involuntary retention was necessary. Id. On February 2, 2010, Justice Robert J. Collini held the requested hearing on SBPC's application, and ordered petitioner's continued involuntary retention for an additional six months (the "February 2, 2010 Retention Order"). Id., Ex. F. Mental Hygiene Legal Service ("MHLS") was appointed to represent Meyers at the hearing. Id., Ex. G.

On April 19, 2010, SBPC granted Meyers's application to be converted to voluntary status. Id., Ex. I. As a voluntary patient, Meyers may, at any time, notify the director of SBPC, in writing, of his desire to leave the hospital. See Mental Hygiene Law §§ 9.13(b), 9.23. Upon such written notice the hospital director "shall promptly release the patient; provided, however,

that if there are reasonable grounds for belief that the patient may be in need of involuntary care and treatment, the director may retain the patient for a period not to exceed seventy-two hours from receipt of such notice." Mental Hygiene Law §§ 9.13(b); 14 NYCRR § 15.7(a). Additionally, "[b]efore the expiration of such 72-hour period, the director shall cause the patient to be examined by two physicians, or one physician and one psychologist, and he shall either release the patient or apply to a court for an order authorizing the involuntary retention of such patient." 14 NYCRR §§ 15.7(b); Mental Hygiene Law §§ 9.13(b). On July 15, 2010, Myers was discharged from SBPC.

Meyers filed the instant action on January 19, 2010, which this Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole request for relief is an order from this Court directing that he be discharged from SBPC. Petitioner alleges that he has no mental condition that merits ongoing involuntary confinement.

## II.    Discussion

SBPC moves to dismiss the instant petition as moot. "Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). A case becomes moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Blackwelder, 866 F.2d at 551 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)); see also Jefferson v. Abrams, 747 F.2d 94, 96 (2d Cir. 1984). When this occurs, the Constitution's case or controversy requirement is not satisfied and a federal court lacks subject matter jurisdiction over the action. Blackwelder, 866 F.2d at 550; Jefferson, 747 F.2d at 96. The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever

to the prevailing party. In that case, any opinion as to the legality of the challenged action would be advisory." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (quotations and citations omitted).

"In resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.1986). Here, the affidavits and exhibits submitted by SBPC clearly show that the case is moot. SBPC provides a request for conversion to voluntary status, signed by Meyers, and dated April 19, 2010. Ferlita Decl., Ex. I. The document indicates that Meyers was converted to voluntary status on the same day. Id. It instructs, "At any time, you may give written notice to the Director if you want to leave, however, you may not leave for three days unless the Director lets you." The document further clarifies that, "[i]f the Director thinks that you need to stay, he may ask a court for an order to keep you here." Id. As Myers is no longer involuntarily confined relative to his claims in the instant petitioner, the case is dismissed as moot.

However, in an October 18, 2010 letter to the Court, SBPC explained that Myers was again retained as an involuntary patient at SBPC. On September 9, 2010, New York Supreme Court, Second Judicial Department issued a six-month retention order under Mental Hygiene Law § 9.33, while petitioner was a patient at New York Presbyterian Hospital. On September 13, 2010, Meyers was transferred to SBPC. His commitment was pursuant to a new retention order, which is not at issue in the instant petition. It would appear that Myers has since been released, as he has submitted a notice of a change of address from 777 Seaview Avenue, Staten Island, New York, the address of SBPC, to 323 East 23rd Street, Brooklyn, New York, his private

residence. To the extent Myers seeks to challenge any subsequent confinement, he should do so in a separate petition.

## III. Conclusion

For the reasons stated, the action is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2011

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge